## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

JUANA ARGELIA ESCOBEDO, as the   :
**Administratrix of the Estate of**   :
**ALFREDO ESCOBEDO, SR., deceased**   :
  :
        **Plaintiff**   :
  :
    **v.**   :
  :    **NO. 8:20-cv-409**
**UNION PACIFIC RAILROAD**   :
**COMPANY**   :
  :    **JURY TRIAL DEMANDED**
        **Defendant**   :

## COMPLAINT

1.     This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

2.     Plaintiff, Juana Argelia Escobedo, is an adult individual residing at 4638 Monterrey Loop, Laredo, TX 78041, who is the wife of Alfredo Escobedo, Sr., and the Administratrix of his Estate [1].

3.     Plaintiff's husband, Alfredo Escobedo, Sr. died on January 11, 2018.

4.     Defendant, Union Pacific Railroad Company, successor in interest to Union Pacific Railroad, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as common carriers by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States.

---

[1]On May 5, 2020, the Clerk of the County Court of Webb County, State of Texas, issued Letters of Administration appointing Juana Argelia Escobedo as the Administratrix of the Estate of Alfredo Escobedo, Sr. A copy of which is attached hereto as Exhibit 1.

5.     Defendant, Union Pacific Railroad Company maintains its principal place of business at 1400 Douglas Street, Omaha, Nebraska.

6.     Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

7.     From approximately 1972 to 2001, the Plaintiff's Decedent was employed by Defendant railroad, or its predecessor in interest, as a carman and was acting in the course and scope of his employment with Defendant and was engaged in the furtherance of interstate commerce within the meaning of said Act.

8.     During the course and scope of his career with the Defendant railroad and while working in the Defendant's yards, buildings and along its rights of way, in Laredo, Texas, the Plaintiff 's Decedent was exposed to various toxic substances and carcinogens including but not limited to diesel fuel/fumes/exhaust, benzene, solvents, degreasers, herbicides and asbestos dust and fibers.

9.     Specifically, Plaintiff's Decedent was exposed to diesel fuel/exhaust/fumes/ benzene from locomotive exhaust; solvents and degreasers from cleaning engines and rail cars; herbicides used to control vegetation in the yard and asbestos from insulation and brake shoe dust.

10.    Plaintiff's Decedent's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of a variation of Non-Hodgkin's lymphoma.

11.    Plaintiff's Decedent's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location and the

precise job to which he was assigned.

12.    The Plaintiff's Decedent's cancer is the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

13.    Defendant's negligence consisted of:

(a)    Failing to use ordinary care and caution to provide the Plaintiff's Decedent with a reasonably safe place in which to work as required by the FELA;

(b)    Failing to provide on track machinery with properly designed and adequately functioning ventilation systems;

(c)    Failing to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's Decedent's exposure to toxic materials and carcinogens;

(d)    Failing to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(e)    Failing to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(f)    Failing to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways;

(g)    Failing to periodically test employees such as the Plaintiff's Decedent for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff's Decedent as to the test results;

(h)    Failing to warn the Plaintiff's Decedent of the risk

                        of contracting cancer or other diseases as a result of exposure to known carcinogens;

(i)       Failing to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff's Decedent, to carcinogens;

(j)       Failing to provide the Plaintiff's Decedent with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens; and

(k)      Failing to provide the Plaintiff's Decedent with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

14.     The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

15.     As a direct result of the negligence of the Defendant, the Plaintiff's Decedent experienced and endured pain, suffering, inconvenience, irritation, annoyance; suffered emotional distress; incurred medical expenses associated with diagnosis and treatment.

16.     As a result of the negligence of the Defendant, Plaintiff's Decedent sustained a loss of future benefits including loss of pension benefits due to his premature death.

17.     Plaintiff's Decedent suffered from a fear of death as a result of his cancer.

18.     Plaintiff seeks all damages recoverable under the FELA.

19.     Plaintiff's Decedent was never informed as to the cause of his cancer.

20.     Less than three (3) years before Plaintiff's Complaint was filed, she first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff, Juana Argelia Escobedo, demands judgment against the Defendant, Union Pacific Railroad Company, in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) and the costs of this action.

Respectfully submitted,

Dated: October 8, 2020                    By: */s/Shawn M. Sassaman*
                                          SHAWN M. SASSAMAN, ESQUIRE
                                          BERN CAPPELLI, LLC
                                          101 W. Elm St., Suite 520
                                          Conshohocken, PA 19428
                                          (610) 941-4444
                                          ssassaman@bernllp.com